**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL OKPOR | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  22-1074 |
| | : | |
| OSCAR SAFARI WILLIAMS, SANDRA | : | |
| M. CLERK, SMP MOTORS, SWEET | : | |
| MOTHER INC., SANDRA CLERK | : | |
| WILLIAMS, OLA SOLANKE, ENGLE | : | |
| STREET LLC, JOHN DOE 1-10, VShip | : | |

**<u>MEMORANDUM</u>**

**MURPHY, J.**                                                                      **April 20, 2026**

Michael Okpor has been litigating this case *pro se* since March of 2022, seeking to recover for goods and vehicles he alleges were unlawfully stolen from him and shipped to Africa.  The four-year duration of this case is not due to its complexity, however.  Instead, years of default judgment motions and hearings, a revolving door of counsel, and a messy discovery process have made this case unwieldy.  With the summary judgment deadline now long past, we hope this will be the final step in this protracted litigation.  In response to a challenge brought by counsel in a summary judgment motion, Mr. Okpor has not produced evidence that could sustain his claims against defendants Sandra M. Clerk, SMP Motors, Sweet Mother, Inc. and Sandra Clerk Williams, so we grant summary judgment in their favor.  Counsel for those defendants, in addition to defendant Oscar Safari Williams, moves to withdraw, which we permit.  Mr. Williams, having not moved for summary judgment and left without counsel, remains.  But because he did not and does not present a defense on the record before us, we reinstate the default judgment previously entered against him in favor of Mr. Okpor.

## I.      Factual Background[1]

Mr. Okpor alleges that Oscar Williams and Ola Solanke, together with a variety of other named defendants, conspired to steal his property and ship it to Africa.  DI 30 at 5.  This scheme allegedly began in August 2021, when Mr. Okpor had a variety of "goods[,] commodities" and vehicles in New Jersey that he was unable to sell due to the COVID-19 pandemic.  DI 32 at 3.  After being introduced by a friend, Mr. Okpor purportedly met Mr. Williams in New Jersey where Mr. Williams represented himself as a "very successful auto dealer [and] cars salesman."  *Id.* at 2 (citation modified).  Mr. Williams also mentioned that he had a "very trusted friend and business partner," Mr. Solanke, who owned a warehouse in Chester, Pennsylvania.  *Id.* at 3.  According to Mr. Okpor, Mr. Williams promised that he and Mr. Solanke could sell Mr. Okpor's goods and automobiles.  *Id.* at 3.  Mr. Okpor valued these items as "worth over $200,000."  *Id.*

Two days later, Mr. Williams took Mr. Okpor to meet Mr. Solanke at Mr. Solanke's apartment in Philadelphia.  *Id.*  According to Mr. Okpor, they entered into a verbal contract on August 6, 2021, to help sell Mr. Okpor's goods if he moved them to the Chester, Pennsylvania warehouse, also known as Engle Street LLC.  *Id.* at 4.  The agreement involved splitting profits.  *Id.*  Mr. Solanke subsequently allowed Mr. Okpor to move his things to Engle Street.

---

[1] The factual history and allegations come from the complaint, DI 2, and the amended complaint, DI 32.  We find DI 2 incorporated by reference into DI 32.  *See Metro. Edison Co. v. Pa. Pub. Util. Comm'n*, 767 F.3d 335, 341 n.1 (3d Cir. 2014) ("We also consider the documents incorporated by reference in the amended complaint."); *Bendy v. Ocean Cnty. Jail*, 341 F. App'x 799, 800 n.1 (3d Cir. 2009) (acknowledging that pro se plaintiff incorporated original complaint into amended complaint by reference); *Lynch v. City of Phila.*, 194 F. App'x 89, 92 (3d Cir. 2006) (reasoning that district court has discretion to determine whether pro se plaintiffs incorporate original complaint into amended complaint).

*Id.*

Mr. Okpor describes the arrangement as an "act of trick or deceiving or misrepresenting," such that "Mr. Solanke and Mr. Williams decei[ved] and tricke[d]" Mr. Okpor to deprive him of his "goods, commodities, and vehicles." *Id.* at 5. He says they conspired to deny him access to his items, steal them, and "ship them to Africa." DI 2 at 4. Mr. Okpor also alleges that Mr. Williams "borrowed over $20,000 . . . to buy solar panel[s for] Africa and denied paying [Mr. Okpor] his money back." DI 2 at 4.

**A.      Service, motions to dismiss, and requests for default judgment.**

On March 15, 2022, Mr. Okpor filed a complaint against "Oscar Safari Williams, Sandra M. Clerk, SMP Motors, Sweet Mother Inc., [and] Sandra Clerk Williams" (the "Williams defendants"), as well as "Ola Solanke, Engle Street LLC, John Doe 1-10, and VShip." DI 2. He also filed a motion to proceed in forma pauperis, DI 1, which we granted, DI 4. In the summer of 2022, the U.S. Marshals Service served the summons and complaint directly on Mr. Solanke, DI 7; on Joshua Williams for Oscar Safari Williams, SMP Motors, Sandra M. Clerk, and Sweet Mother Inc., DI 8; and on Elizabeth Lukic for VShip, DI 12.

On July 29, 2022 and August 18, 2022, Mr. Solanke and Engle Street LLC, then represented by counsel, filed separate but substantively identical motions to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. DI 9; DI 14. On September 16, 2022, Mr. Okpor requested default against all other defendants, none of which had appeared, and the Clerk of Court entered default against them. DI 17. We granted Mr. Solanke and Engle Street's motions and gave Mr. Okpor leave to amend his complaint, DI 26, which he did, DI 27; DI 30; DI 32. Mr. Solanke and Engle Street, still represented by counsel,

3

filed an answer to the amended complaint on May 15, 2023.  DI 34.[2]  Mr. Okpor then moved

for default judgment against all defendants in default, first on January 27, 2023, then on April

18, 2023, June 27, 2023, and July 14, 2023.  DI 18; DI 28; DI 39; DI 45.  We denied each of

these motions as premature.  DI 42; DI 48.

On January 18, 2024, counsel for Mr. Solanke and Engle Street filed a motion to

withdraw from representation.  DI 52.  We held a case management conference and granted

counsel's motion.  DI 53; DI 57.  No substitute counsel appeared for Mr. Solanke or Engle

Street.

On February 21, 2024, Mr. Okpor filed another motion for default judgment, this time

against all defendants, DI 56, which we again denied as premature, DI 57.  We provided Mr.

Okpor with a deadline to request default against Mr. Solanke and Engle Street, as well as a

deadline to file a motion for default judgment against any and all defendants.  DI 60.  Mr.

Okpor then filed a motion for default judgment, as well as a supplemental motion for default

judgment, and a motion for summary judgment.  DI 61; DI 62; DI 63.  Default was entered as

to Mr. Solanke and Engle Street.  DI 65.  We dismissed all other defendants for failure to

prosecute, as it appeared Mr. Okpor only intended to proceed against Mr. Solanke and Engle

Street.  DI 64.  We set a hearing for July 8, 2024.  *Id.*

---

[2] On August 22, 2023, we referred this case to Judge Wells for settlement purposes.  DI 48.  Judge Wells ordered Mr. Okpor to provide defendants with "all names of potential witnesses, bills of lading, U-Haul storage proofs, towing receipt, car titles and proof of purchase, photographs, etc. to indicate what items were in fact delivered to defendant(s) for sale and their value" by September 22, 2023 and required that the parties attend a settlement conference after that.  DI 50.  Mr. Okpor filed documentation on the docket in October, noting he had sent the information to "defendants attorney on September 19th, 2023" but "defendant did not receive[]" it.  DI 51.

4

Prior to the hearing, Mr. Okpor filed a motion for reconsideration, requesting default judgment against *all* defendants, not just Mr. Solanke and Engle Street. DI 68. We held the default judgment hearing on July 8, 2024 at 10:00 AM, DI 71, at which time Mr. Okpor explained that he intended to proceed against all defendants. We granted Mr. Okpor's motion for reconsideration, adding back the Williams defendants and VShip. DI 72.

On July 24, 2024, we directed the Clerk of Court to enter default as to the Williams defendants and VShip, scheduled another default judgment hearing as to all defendants for August 27, 2024 at 11:00 AM, and directed the Clerk of Court to mail the order "to all defendants by certified mail under the Pennsylvania Rules of Civil Procedure no later than July 29, 2024." DI 75. We also ordered Mr. Okpor to file additional documentation regarding valuation and proof of ownership for his items, *id.*, and Mr. Okpor filed his supplements on August 8, 2024, DI 77; DI 78.

## B. Grant of default judgment and requests for relief

On August 22, 2024, Olivia Gabriel, Esq. appeared on behalf of the Williams defendants (i.e., Oscar Williams, Sandra M. Clerk, Sandra Clerk Williams, SMP Motors, and Sweet Mother Inc.). DI 79. John Levy, Esq. appeared for VShip the next day. DI 80. On August 26, 2024, the day before the hearing, Ms. Gabriel filed a motion for continuance and Mr. Levy filed a motion to set aside default as to VShip. DI 81; DI 82.

We held the default judgment hearing as scheduled on August 27, 2024. DI 84. Mr. Okpor and Ms. Gabriel attended. Mr. Levy requested to attend telephonically but was unreachable during the hearing. We denied the motion seeking a continuance and the motion to set aside default. DI 83. In an order explaining our reasoning, we remarked "[t]he last-

5

second appearance of certain defendants and counsel in this case is troubling, and as Mr. Okpor explained in today's hearing, rings with a certain unfairness. The timing has not been explained. Relying on the record, as we must, we think the most appropriate course of action is to enter this default judgment. To the extent that defendants continue to litigate using avenues provided by the rules, we will take that up in due course." *Id.* at 2 n.3. We entered judgment for Mr. Okpor in the total amount of $160,174 based on satisfactory establishment of liability, ownership of the listed property, and value of the listed property as detailed in the order. *Id.*

Ms. Gabriel filed a motion to vacate default and set aside judgment on August 30, 2024, DI 86, followed by an amended motion for the same relief on September 5, 2024, DI 87, on behalf of the Williams defendants. Mr. Okpor opposed, DI 90, and the Williams defendants responded with additional evidence, DI 91.[3]

After Mr. Levy was unreachable during the default judgment hearing, which he had requested to attend telephonically, he filed a letter on the docket explaining the situation and telling us what he would have said at the hearing. DI 85. He noted "I will file a formal motion for reconsideration and to vacate the default judgment after Labor Day. The purpose of this letter is to apologize and put a marker down on the issues." *Id.* On October 29, 2024, having heard nothing from VShip since Mr. Levy's letter two months prior, *id.*, we ordered VShip to file "any motion for reconsideration or other relief from judgment no later than November 8, 2024." On November 7, 2024, VShip filed its motion to set aside default judgment, DI 94,

---

[3] Mr. Okpor also filed a motion to deny defendants' motion. DI 92. We denied this motion because "Mr. Okpor has already opposed the motion to vacate default judgment, which will be decided in due course. A further motion is unnecessary." DI 93.

which Mr. Okpor opposed, DI 96.

Eventually, Mr. Okpor and VShip stipulated to the dismissal of all claims against VShip, leaving the Williams defendants.  DI 113.   During discovery, Mr. Okpor initially refused to sit for a deposition, DI 120, and we granted the Willaims defendant's motion to compel his deposition.  DI 122, 126.  Then, three years after beginning this protracted litigation, Mr. Williams attempted to voluntarily dismiss his case in order to re-file in federal district court in New Jersey, which we denied.  DI 129, 134.  The Williams defendants filed a motion for summary judgment, DI 135, and Mr. Williams opposed that motion.  DI 137.  We held oral argument on the motion on December 1, 2025.  DI 136, 139.

## II.    The motion for summary judgment

The Williams defendants have moved for summary judgment in a 5-page memorandum. They argue that summary judgment is warranted because "[w]hile Plaintiff has repeatedly cited Sandra M. Clerk, Sandra Clerk Williams, SMP Motors and Sweet Mother Inc. in the captions as mere Defendants, he has utterly failed to plead any facts that would support any cause of action against them."  DI 135 at 3.  The motion does not so move for Mr. Williams and, other than listing him as a moving defendant, does not mention him at all.  DI 135.

Mr. Okpor has opposed the motion for summary judgment, arguing — seemingly for the first time in opposition to summary judgment — that SMP Motors and Sweet Mother Inc. are owned, managed, and operated by Ms. Clerk and Mr. Williams, and that they used these companies to commit the alleged fraud and conversion of Mr. Williams' goods.  DI 137 at 3-5. Mr. Okpor attaches two bills of lading to his opposition brief as exhibits, both of which list SMP motors as the shipper and are directed to the attention of defendant Williams.  *Id.* at 7-9.

7

### III.    Standard of Review

Summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant and material if it could affect the outcome of the case." *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020) (citation modified). At summary judgment we must draw all reasonable inferences in favor of the nonmoving party, *id.*, but "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment." *Keating v. Pittston City*, 643 F. App'x. 219, 222 (3d Cir. 2016) (quoting *Halsey v. Pfeiffer*, 750 F.3d 273, 287 (3d Cir. 2014)).

Because Mr. Okpor is *pro se*, we construe his filings — particularly his pleadings — liberally and "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citation modified). But importantly, Mr. Okpor "cannot flout procedural rules—[he] must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). He "is not relieved of his obligation under Rule 56 to point to competent evidence in the record that is capable of refuting a defendant's motion for summary judgment." *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017) (Robreno, J.). Accordingly, we will grant the motion to dismiss if Mr. Okpor is unable to offer evidence in support the elements of his claims.

### IV.    Discussion

This case has gone on too long, and the decisions we reach here are the appropriate way to bring it to a resolution on the record we have. Mr. Okpor does not have any evidence that a

reasonable jury could rely upon to prove his claims against Sandra M. Clerk, SMP Motors, Sweet Mother, or Sandra Clerk Williams, so we must dismiss all claims against them. Attorney Gabriel has moved to withdraw from this case, so we grant that request. And, having presented no defense to the claims against him — the basis for having set aside default in the first place — we reinstate the default judgment against Mr. Williams.

### A. Summary judgment will be granted in favor of Sandra M. Clerk, SMP Motors, Sweet Mother, and Sandra Clerk Williams

We read Mr. Okpor's original and amended complaints to bring claims for breach of contract, fraud, and civil conspiracy to commit conversion of his property — all under Pennsylvania law. DI 2 at 2; DI 30. But the record does not support any of these claims against Sandra M. Clerk, SMP Motors, Sweet Mother, or Sandra Clerk Williams. First, Mr. Okpor attaches only the two bills of lading to his opposition to the motion for summary judgment. DI 137 at 7-9. Those documents prove only that there was a shipment of two vehicles and "4 skids of solar panels" by SMP Motors made to the attention of Mr. Williams. *Id.*

This is well short of the evidence needed to support "each and every essential element" of Mr. Okpor's claims against SMP Motors, the only moving defendant potentially implicated by this evidence. *Williams v. Nyberg*, 2026 WL 396439, at *1 (3d Cir. Feb. 12, 2026) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1993) (citation modified). On this evidence, Mr. Okpor cannot prove the elements of breach of contract, fraud, or civil conspiracy. *See TCS Black Label Realty, LLC v. Serhant Pennsylvania, LLC*, _ A.3d _, 2026 WL 251144, at *14 (Pa. Super. Jan. 30, 2026) (citing *Rice Drilling B, LLC v. Scott*, 325 A.3d 664, 671 (Pa. Super. 2024) (listing elements of breach of contract); *SodexoMAGIC, LLC v. Drexel University*, 24 F.4th 183, 205 (3d Cir. 2022) (elements of fraud); *General Refractories Co. v. Fireman's*

*Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003) (elements of civil conspiracy).  The bills are also entirely devoid of anything related to Sandra M. Clerk, Sweet Mother, or Sandra Clerk Williams.  Summary judgment in favor of those defendants is warranted on this record.

Second, even considering everything else Mr. Okpor submitted at any point during this case, our answer is the same.  While we would normally decline to scour the record in search of evidence supporting a plaintiff's claims — we are not, after all, "like pigs, hunting for truffles buried in the record," *Doeblers' Pennsylvania Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) — we do so here out of consideration for Mr. Okpor's *pro se* status.[4]  In addition to the bills of lading, Mr. Okpor has previously provided certificates of title and registration records related to various vehicles he alleges were stolen, and receipts of purchase of a number of electronics and other goods, which were also allegedly stolen.[5]  DI 51, 62, 68.  This evidence may prove that Mr. Okpor owned certain goods, but like the documents attached to his opposition to summary judgment, it would not be enough for a jury to find in his favor for the claims against Sandra Clerk, SMP Motors, Sweet Mother, or Sandra Clerk Williams.

In contrast, Mr. Williams is not entitled to summary judgment.  The motion purports to name him as a moving defendant, but then focuses exclusively on the evidence against Sandra M. Clerk, SMP Motors, Sweet Mother, and Sandra Clerk Williams.  DI 135 at 3 ("Sandra M.

---

[4] We note, however, that Mr. Okpor has been repeatedly advised by the court throughout the course of this litigation that he should obtain counsel given the significant damages involved.

[5] In their motion to vacate the default judgment default against them, the Williams defendants also provided a list of exhibits including a bill of lading identifying VShip as the shipper and an individual named Uche Udeyenum as the consignee.  DI 87 at 17-18.  Those bills of lading confirm the shipment of a 2005 Dodge Dakota, a 2010 Ford F150, and a package of "household goods."  *Id.*

Clerk, Sandra Clerk Williams, SMP Motors and Sweet Mother Inc. are entitled to summary judgment.").  The mechanism of Rule 56 simply was not triggered for Mr. Williams.  And Attorney Gabriel recently moved to withdraw as counsel in this matter.  DI 140.  As we explain below, Ms. Gabriel will be permitted to withdraw and we will reinstate the default judgment against Mr. Williams.

### B. Counsel for the Williams defendants will be permitted to withdraw

On March 16, 2026, counsel for the Williams defendants filed a motion to withdraw from her representation in this matter.  *Id.*  According to counsel, her relationship with the Williams defendants has deteriorated to the point that continued representation is no longer feasible because the clients have "failed to satisfy outstanding fees and costs owed to counsel[.]"  *Id.* at 1.  Courts considering a motion to withdraw look to Pennsylvania Rule of Professional Conduct 1.16(b) and Local Rule of Civil Procedure 5.1.  *7TH & Allen Equities v. Hartford Casualty Insurance Company*, 2011 WL 13227704, at *1 n.3 (E.D. Pa. Sept. 21, 2011).

Under Pennsylvania Rule of Professional Conduct 1.16(b), a lawyer may withdraw from representation if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled[.]"  Pa. R.P.C. 1.16(b)(5).  Under Local Rule 5.1(a) "[a]n attorney's appearance may not be withdrawn except by leave of court[.]"  E.D. Pa. L.R. 5.1(a).  We consider factors like (1) the reason for withdrawal; (2) the prejudice caused; (3) the harm the withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay resolution of the case.  *Alzheimer's Inst. of Am., Inc. v. Avid Radiopharmaceuticals*, 2011 WL 6088625 (E.D. Pa. Dec. 7, 2011) (citing *Taylor v. Stewart*, 20 F. Supp. 2d 882, 883

11

(E.D. Pa. 1998)).

Attorney Gabriel explains that her withdrawal is necessitated by a refusal by her clients to pay her legal fees. DI 140 at 1. Thus, her clients have failed to fulfil an obligation to her regarding her services. Pa. R.P.C. 1.16(b). We think that is a sensible reason to withdraw from representation. Mr. Williams, as the remaining defendant, will not be prejudiced by Attorney Gabriel's withdrawal because he has consented to it. DI 140 at 1. Nor will Attorney Gabriel's withdrawal harm the administration of justice or delay resolution in this case — we dismiss the above-named defendants, and will reinstate the default judgment against Mr. Williams.

## C. The default judgment against Mr. Williams will be reinstated

As we explained in our March 13, 2025 memorandum lifting the default judgment against the Williams defendants, DI 98 at 8, courts assessing relief from judgment under Rule 60 of the Federal Rules of Civil Procedure consider "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A litigable defense, we described, is one that "if established at trial would constitute a complete defense." DI 98 at 8 (citing *United States v. 55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

At the time of our decision lifting the default judgment, we found it "particularly difficult to strike the proper balance" because Mr. Okpor had been trying to litigate this case for nearly three years but was unable to do so as a result of defendants' failure to respond. DI 98 at 9. But we decided to lift the default judgment, despite some resulting prejudice to Mr. Okpor, because counsel for the Williams defendants had appeared and, at the time, presented a litigable defense

12

— the Williams defendants argued they could "credibly argue and prove" that they contracted with Mr. Okpor to ship his items to Nigeria and that Mr. Okpor never claims his items at the port of entry. *Id.* at 11. The Williams defendants had "certainly approach[ed] the bar of culpability" by their long delay in meaningfully participating in this litigation. *Id.* at 13. Still, we lifted the default judgment to permit the Williams defendants (Mr. Williams especially) to present a defense.

Another year has passed. Mr. Williams has not offered evidence of any agreement with Mr. Okpor or otherwise presented any meaningful defense to the claims against him. Rather, the evidence attached to his motion to lift the default judgment seems only to corroborate Mr. Okpor's version of events — that his goods were shipped to Nigeria and funds from those goods were pocketed. DI 87. The time for summary judgment was November 18, 2025. DI 128. Yet counsel's motion for summary judgment did nothing to present a defense on behalf of Mr. Williams. With counsel gone from the case, the absence of a litigable defense is compounded. *Jackson Hewitt Inc. v. National Tax Network, LLC*, 2015 WL 5770089, at *3 (D.N.J. Sep. 29, 2015) (reinstating default judgment where defendant never challenged the merits of the default judgment and failed to comply with scheduling order or discovery requests). We therefore reinstate the default judgment in favor of Mr. Okpor.

## V.      Conclusion

Summary judgment is granted in favor of defendants Sandra M. Clerk, SMP Motors, Sweet Mother, Inc. and Sandra Clerk Williams. Attorney Gabriel's motion to withdraw as counsel is granted. And the default judgment against defendant Oscar Safari Williams in the amount of $160,174 as outlined in our August 27, 2024 order (DI 83) is reinstated as to defendant Williams.

An order accompanies this memorandum.